UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
J.G., by and through her parent and next friend,
F.B., et al.,

                    Plaintiffs,

        -against-                          ORDER
                                              04-CV-5415 (ARR)

RICHARD MILLS, et al.,

                    Defendants.
-------------------------------------------------------------X
GOLD, S., *United States Magistrate Judge*:

    The parties shall be prepared to address the following issues at the oral argument

scheduled for October 8, 2010:

    1)      What evidence is there to establish that the class and each of the subclasses meet

the numerosity requirement of Rule 23? *See* FED. R. CIV. P. 23(c)(5) (requiring that each

subclass be treated as its own class under Rule 23). Plaintiffs' allegations, apparently made

without any factual citation or even a declaration from an attorney, that "hundreds of New York

City young people enter and leave court-ordered settings each year," Pl. Mem. 15, and that

"hundreds of students" are included in the compensatory relief subclass, *id*. at 23, seems

insufficient in light of the rigorous Rule 23 analysis that the court must undertake.

    2)      Even if the court were to find that the original seven named plaintiffs could serve

as class representatives despite the fact that their individual claims are now moot, it would seem

axiomatic that a named plaintiff must have at least reviewed the proposed class settlement in

order to be deemed an adequate class representative under Rule 23. *See People United for

Children, Inc. v. City of New York*, 214 F.R.D. 252, 264 (S.D.N.Y. 2003) (noting that, "[i]n

examining whether a named plaintiff is suitable to fulfill the fiduciary obligations of a class

representative, a court must decide whether the party has adequate knowledge of the case or

'whether the party is simply lending his name to a suit controlled entirely by the class attorney'"

and finding that "[c]ourts have denied class certification based on plaintiff's unfamiliarity with

the case"). Have any of the seven named plaintiffs, other than J.S.1, reviewed the proposed

settlement?

     3)     Putting aside I.B.'s request for home instruction, why aren't I.B.'s claims

otherwise typical of the class? According to I.B.'s pleading, documents were sent to the

Department of Education ("DOE") in advance of his release from a court-ordered setting (May

11), he appeared at an enrollment center (some time between May 17 and May 21), and the DOE

offered I.B. a community school placement on June 1, more than 5 school days after he appeared

at an enrollment center. Intervenor Compl. ¶¶ 14, 19, 20, 23, 28. *See also* Stipulation ¶ 12

(requiring the DOE to provide a school placement within 5 days from an appearance at an

enrollment center). Moreover, I.B. is currently in OCFS custody and he intends to seek

placement in a DOE community school upon his discharge in October of 2010. *Id.* ¶¶ 31, 32.

     4)     Could the class and subclass definitions be amended to include students who *will*

seek re-enrollment? *See D.S. ex rel. S.S. v. New York City Dep't of Ed.*, 255 F.R.D. 59, 68

(E.D.N.Y. 2008) (defining the class as students who "have been, will be, or are at risk of being"

denied certain educational rights).

     SO ORDERED.

                                          /s
                                          Steven M. Gold
                                          United States Magistrate Judge

September 21, 2010
Brooklyn, New York